IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TODD M. BODINE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) 5:18-CV-96 |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, **TODD M. BODINE**, by counsel, and for his Complaint against Defendant, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("Experian" or "Defendant"), he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against a credit reporting agency that failed to comply with its most basic obligations under the law. In the face of undeniable proof that its reporting on Plaintiff was false, Defendant, for multiple years, dug in, refused to comply with the law, refused to correct its credit reporting inaccuracy, and caused significant harm to Plaintiff in the process. Plaintiff now brings this action against Defendant for actual, statutory and punitive damages and costs and attorney's fees for its violations of 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act "FCRA).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

1

**PARTIES**

4. Plaintiff, Todd M. Bodine ("Mr. Bodine" or "Plaintiff") is a natural person and a consumer as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of North Carolina its registered offices in Raleigh, North Carolina.

6. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

8. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least January 2013 through the present.

9. The inaccurate information includes the reporting of a tax lien that does not belong, and has never belonged, to Plaintiff. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

10. Unlike credit accounts which are reported directly to Experian by creditors, Experian affirmatively seeks out and purchases public-records data from third parties who have no relationship with the consumer. These records include North Carolina state and federal tax liens. Experian proactively gathers and disseminates this derogatory information even though there is nothing in the

2

FCRA that affirmatively requires it to do so.

11. Experian obtains all its public records from a single third-party entity, LexisNexis.

12. During all times relevant to this action, Experian has never performed any independent audit of the substantive accuracy of the North Carolina public records that LexisNexis sells it. While Defendant claims to have performed statistical or data integrity reviews, it has never systematically compared the LexisNexis records it receives to the actual public records to determine the accuracy of the tax lien records that appear within its credit files.

13. Experian has long been aware of the problems alleged herein and the failure of its current procedures to ensure that it only publishes complete and accurate public records.

14. Experian has not retrieved actual public records from courthouses or actual government offices itself for many years.

15. Experian does not follow reasonable procedures to gather updated information from the courts when tax lien statuses or dispositions change. Instead, Experian publishes data that it knows would be inaccurate if a change in the disposition occurred—relying on consumers to clean up their own files via the dispute process after learning of the inaccuracy, rather than proactively paying to have these dispositions adequately and reasonably collected with the same vigor that it collected records of the initial entry of the tax liens.

16. At all times pertinent to this Complaint, Experian's conduct regarding the collection of public-record information was willful and carried out with reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, Experian's conduct was willful because it was intentionally accomplished through its intentionally implemented procedures.

17. Experian has also been on notice of these issues throughout the pendency of the multiple actions brought against it and its industry allies, Experian and Trans Union, over the last six years.

3

18. As a result of Experian's conduct, Plaintiff has suffered particularized and concrete injuries, including damage to his reputation, reductions to his credit scores, and increased risks that he would be denied credit.

19. Experian knows that both it and its public records vendor makes mistakes in the distilled public records information that is acquired for purposes of credit reporting.

20. Experian thus routinely fails to report accurate information about tax liens, including the most up-to-date status.

21. Defendant's practices and procedures regarding the reporting of tax lien information, specifically its failure to report the most up-to-date status of paid and released tax liens and liens that have been cancelled by the taxing authority, causing widespread harm to those consumers with tax liens filed in courthouses across North Carolina.

**FACTS AS TO PLAINITFF**

22. In 2013, Plaintiff made his first dispute to Experian regarding the inaccurate information on his credit report. As part of his dispute, Plaintiff provided the necessary information to Experian to show that the tax lien was not his. While there appears to have been initial confusion regarding whether both Plaintiff and his ex-wife were responsible for the tax lien, the relevant taxing authority, the North Carolina Department of Revenue, made it explicitly clear that the subject tax lien was not Plaintiff's when it cancelled the lien as to Plaintiff on July 10, 2012, and updated the relevant records.

23. Thus, as of July 2012 the public record clearly reflected that the disputed tax lien at issue was the sole responsibility of Plaintiff's ex-wife. The public record further reflects that the lien was owed by Plaintiff's ex-wife and not Plaintiff.

24. Following his initial dispute, Plaintiff believed that Experian complied with its obligations under the law and corrected the report. The other two national credit reporting agencies

complied with their obligations with Equifax Information Services LLC never reporting the lien and Trans Union LLC deleting the lien following Plaintiff's dispute.

25. In January 2017, Plaintiff and his wife applied to refinance their mortgage. During the process, they were informed that the tax lien was still appearing on Plaintiff's credit report published by Experian.

26. In response, Plaintiff disputed the inaccurate information again with Experian by following Experian's established procedures for disputing consumer credit information in or around July 2017. As part of his dispute, Plaintiff again provided the necessary information to Experian to definitively prove that the tax lien was not his.

27. Notwithstanding those efforts, Experian sent correspondence to Plaintiff indicating its intent to continue publishing the inaccurate information, and Experian did in fact continue to publish the inaccurate information to other third parties, persons, entities and credit grantors.

28. In September 2017, Plaintiff again disputed the inaccurate information with Experian. With this third dispute, Plaintiff provided Experian with correspondence directly from the taxing authority that clearly stated that the tax lien at issue was not Plaintiff's tax lien.

29. Experian once again refused to comply with the law, failed to properly reinvestigate the dispute, and continued to report the inaccurate information on Plaintiff's credit report.

30. Facing ongoing financial harm as a result of Experian's conduct, Plaintiff once again attempted to dispute the inaccurate information.

31. This time, Plaintiff called Experian on or around February 21, 2018, and was able to speak with a representative. It is believed that Experian recorded this telephone call.

32. While the representative was on the phone, Plaintiff conferenced into the call a representative from the North Carolina Department of Revenue, the taxing authority with jurisdiction over the disputed tax lien. The representative from the North Carolina Department of Revenue made

it clear to the Experian representative in an unambiguous manner that the tax lien at issue did not belong to Plaintiff and should not be reported on Plaintiff's credit report.

33. Experian acknowledged the information received from the representative from the North Carolina Department of Revenue, yet in complete defiance of its obligations under federal law, Experian again refused to remove the tax lien from Plaintiff's credit report and continued to publish and disseminate the inaccurate information to third parties, including, but not limited to, American Express, Equifax Mortgage Services, and SunTrust.

34. Despite Plaintiff's exhaustive efforts to date, Experian has nonetheless willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information from Plaintiff's credit report, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

35. During the entire period that Experian was reporting the inaccurate information, and particularly during the period when Plaintiff was disputing the information, Plaintiff and his family were suffering ongoing financial harm as a direct result of Experian's conduct detailed above.

36. Plaintiff has applied for and has been denied loans/extensions of consumer credit and subjected to higher interest rates on multiple occasions. A substantial basis for those denials and higher interest rates was the inaccurate information that appeared on Plaintiff's Experian credit report.

37. By way of example, in January 2017, and again in September 2017, Plaintiff applied to refinance his mortgage, and was told that he would be subject to a higher interest rate as a result of the inaccurate information. In November 2017, with Experian repeatedly refusing to correct the inaccurate reporting, Plaintiff moved forward with the refinance of his mortgage and was subjected to a higher interest rate due to the inaccurate information.

38. Experian had actual knowledge of the inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate tax lien.

39. As a result of Experian's conduct, Plaintiff has suffered actual damages in the form of an elevated mortgage interest rate, loss of credit opportunity, harm to reputation and emotional distress, including anxiety, embarrassment and humiliation.

40. At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

41. At all times pertinent hereto, the conduct of Experian as well as that of its agents, servants and/or employees, was willful, reckless, and in negligent disregard of the FCRA rights of the Plaintiff herein.

## CLAIMS

### COUNT ONE: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)

42. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

43. Experian violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the inaccurate reporting of the tax lien account from Plaintiff's credit file.

44. Experian violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

45. Experian violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate reporting of the tax lien account from the Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

46. As a result of Experian's violations of 15 U.S.C. §1681i(a), Plaintiff suffered actual

damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

47. The violations by Experian were willful, Experian individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against the Defendant; for his attorney's fees and costs, for pre-judgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

**Respectfully submitted,
TODD M. BODINE,**

By:    */s/Leonard A. Bennett*
      Leonard A. Bennett, NC Bar # 21576
      **CONSUMER LITIGATION ASSOCIATES, P.C.**
      763 J. Clyde Morris Boulevard, Suite 1-A
      Newport News, Virginia 23601
      Telephone: 757-930-3660
      Facsimile: 757-930-3660
      Email: lenbennett@clalegal.com

      John Soumilas*
      Joseph L. Gentilcore*
      FRANCIS & MAILMAN, P.C.
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, Pennsylvania 19110
      Telephone: 215.735.8600
      Facsimile: 215.940.8000
      Email: jsoumilas@consumerlawfirm.com
      Email: jgentilcore@consumerlawfirm.com
      *Pro hac vice applications forthcoming
      Attorneys *for Plaintiffs*